1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  Leon Calloway Morning,              )    No. CV 12-0001-PHX-NVW (MHB)
                                       )
10              Petitioner,            )    **REPORT AND RECOMMENDATION**
                                       )
11  vs.                                )
                                       )
12                                     )
    Charles L. Ryan, et al.,           )
13                                     )
                Respondents.           )
14                                     )
                                       )
15  _____)

16  TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

17          This matter comes before this Court upon consideration of a *pro se* Petition for Writ

18  of Habeas Corpus, filed on September January 3, 2012, by Petitioner Leon Calloway

19  Morning, who is confined in the Arizona State Prison. (Doc. 1.)  On April 9, 2012,

20  Respondents filed their Answer, (Doc. 11), and on May 9, 2012,  Petitioner filed a Reply,

21  (Doc. 12).

22                           **BACKGROUND**

23  I.     Preliminary Proceedings.

24          On May 8, 2007, Petitioner was charged in an Information filed in the Maricopa

25  County Superior Court, with two counts of aggravated assault with a deadly weapon or

26  dangerous instrument, both class 3 dangerous felonies.  (Doc. 11, Exh. A.)  The State also

27  alleged that Petitioner had previously been convicted of aggravated assault, a class 3 felony,

28

1   and possession/use of narcotic drugs, a class 4 felony, and multiple aggravating
2   circumstances other than prior convictions. (Id., Exhs. B, C.)

3   II.   Settlement Conference.

4       On July 2, 2007, Petitioner attended a settlement conference before a superior court
5   judge, who advised him that if convicted at trial on both felony counts, and assuming a
6   finding of one prior dangerous felony, that a prison sentence would be mandatory, that the
7   "presumptive" term on each count would be 11¼, which could be reduced to a minimum of
8   10 years or increased to a maximum of 20 years, that the sentences on the two counts could
9   be ordered to run consecutively, and that it was possible that Petitioner could be sentenced
10  to 40 years in prison. (Doc. 11, Exh. D, at 5-7, 10-11.) The judge explained to Petitioner
11  that the State's plea offer would require him to plead guilty to one of the aggravated assault
12  counts, as a class 3 dangerous offense, which would expose Petitioner to a sentence between
13  7½ and 15 years in prison, and the other aggravated assault count, with a stipulation to a
14  probation term that would be consecutive to his prison sentence. (Id., at 8-9.) Petitioner
15  rejected the State's plea offer. (Id., at 12-14.)

16  III.   Change of Plea Proceedings.

17      Trial commenced in Petitioner's case, and on day two, just before opening statements,
18  Petitioner decided to plead guilty, without the benefit of a plea agreement, to the charges,
19  with one prior felony conviction. (Doc. 11, Exhs. G, H.) The trial court conducted a detailed
20  colloquy with Petitioner, ensuring that Petitioner understood that:

21      (1) Petitioner was pleading guilty without the benefit of a plea agreement with the
22  government.

23      (2) Petitioner would be pleading guilty to two counts of aggravated assault, and that
24  they were both class 3 dangerous felonies.

25      (3) the allegations to which Petitioner was pleading guilty included that he had a prior
26  felony aggravated assault conviction, a class 3 dangerous offense.

27      (4) Petitioner would necessarily be committed to the Department of Corrections,
28  because of the dangerous nature of the offense.

1  (5) the presumptive term for each of the counts with one prior dangerous felony

2  conviction was 11¼ years, which could be increased to a maximum of 20 years, or decreased

3  to a minimum 10 years.

4  (6) by pleading guilty, Petitioner would be giving up his right to trial, to confront and

5  cross-examine witnesses, to present witnesses and evidence on his own behalf, to remain

6  silent, to be presumed innocent, to be proven guilty beyond a reasonable doubt, to have a jury

7  determine aggravating factors, and to appeal.

8  (7) the sentence imposed within the sentencing range for the offenses would be

9  entirely up to the court, and that this was the same range he would face if he was convicted

10  at trial. (Doc. 11, Exh. H, at 5-10.)

11  Petitioner then pleaded guilty to the two counts of aggravated assault with a prior

12  dangerous felony conviction, and admitted the factual basis.  (Doc. 11, Exh. H, at 11-12.)

13  On February 15, 2008, the trial court entered judgments of conviction on the two counts, and

14  sentenced Petitioner to aggravated consecutive sentences of 15 years' imprisonment. (Id.,

15  Exh. K, at 19-21; Exh. L.)

16  IV.   Post-Conviction State Court Proceedings.

17  Petitioner subsequently filed a timely notice of post-conviction relief, and then a

18  petition for post conviction relief ("PCR"), in which he raised, through appointed counsel,

19  the following claims:

20  (i) the trial court failed to establish a knowing and voluntary waiver of Petitioner's

21  right to trial on the prior dangerous felony conviction, and failed to review with Petitioner

22  the range of sentence he faced without the prior conviction, in violation of the requirements

23  of Rule 17 of the Arizona Rules of Criminal Procedure;

24  (ii)  The trial court violated Petitioner Sixth Amendment rights under Blakely v.

25  Washington, 542 U.S. 296 (2004), by not having a jury trial on the factors used to aggravate

26  his sentence.

27  (Doc. 11, Exh. Q.)

28

- 3 -

Petitioner subsequently withdrew his second claim because the transcript clearly showed that the court had advised Petitioner of his right to have a jury trial on the aggravating factors and that Petitioner had waived that right.  (Id., Exh. S, at 1, 5.)

On November 10, 2009, the trial court dismissed the PCR, finding that no colorable claim had been established as to Petitioner's remaining claim, finding as follows:

> The defendant was charged with two counts of aggravated assault, class 3 dangerous felonies, and the state alleged that he had one prior dangerous felony conviction. On the second day of trial, just before opening statements and after the defendant saw that the victims appeared at trial, the defendant pleaded guilty directly to the court without the benefit of a plea agreement. Since the defendant chose to plead guilty to the court he was required to plead to the charges as alleged in the indictment and any allegations properly filed by the state.
>
> The defendant pled guilty to both charges and admitted he had a prior dangerous felony conviction. During the guilty plea proceeding, the court advised the defendant of the range of sentencing on a class 3 dangerous felony with a dangerous prior felony conviction. The court advised the defendant that the range of sentencing he faced if he plead guilty to the court was the same range of sentencing he faced if he continued with trial and was found guilty. The court further advised the defendant that, since this was a plea to the court without the benefit of a plea agreement, there were no stipulations to a particular sentence, and it would be entirely up to the court to determine his sentence within the sentencing range allowed by law. This sentencing range had been clearly explained by the court. The defendant was advised that he was giving up his constitutional rights by pleading guilty including a jury determination to any aggravating factors. The defendant admitted he had a prior conviction for aggravated assault, a class 3 dangerous felony, the dates of commission and conviction, the county and state, the cause number and that he was represented by counsel.
>
> Defendant claims that he was not properly advised of the consequence of admitting his prior conviction during his plea to the court. Defendant claims he should have been advised of the sentencing range for a class 3 dangerous felony without a prior dangerous conviction. Since the defendant chose to plead guilty directly to the court to all charges and allegations, however, the range of sentencing that the defendant faced was a class 3 dangerous felony with a dangerous prior felony conviction.
>
> Accordingly the court properly advised the defendant of the sentencing range the defendant faced as a result of his guilty plea.

(Doc. 11, Exh. T.)

Petitioner timely filed a *pro se* Petition for Review in the Arizona Court of Appeals, raising the following claims:

(1) "The trial court abused its discretion in excepting plea of guilty without a signed waiver, and this plea resulted in a manifest injustice," and that "the trial court erred when it

- 4 -

failed to inquire [about Petitioner] being on Geodon and Depakote medication," and that his trial counsel was ineffective.

(2) "The trial court did not conduct a proper admission of the prior felony conviction under A.R.S. 13-604 or Rule 17.6 Ariz. R. Crim. Proc.  Therefore, this is an illegal sentence in violation of the 14th Amendment."  Although the heading of this claim refers to Rule 17.6, the substance of Petitioner's claim is that the allegations of prior felony convictions were too stale to be used for enhancement.

(3) "Morning did not sign a written waiver or waive his 6th Amendment right to a jury trial on aggravating factors."

(4) "The Petitioner Morning was denied effective assistance of counsel."
(Doc. 11, Exh. U.)  On April 29, 2011, the Arizona Court of Appeals summarily denied review.  (Id., Exh. X.)

V.    Petition for Writ of Habeas Corpus.

On January 3, 2012, Petitioner filed a timely petition for writ of habeas corpus (hereinafter "habeas petition").  Petitioner raises the following five claims in his habeas petition: (1) Petitioner's due process rights were violated when the trial court accepted Petitioner's plea even though Petitioner was under psychotropic medication and never signed a waiver, and that his trial counsel was ineffective at the plea bargaining stage; (2) Petitioner's sentence was illegal because the prior felony convictions used to enhance his sentence were not proper enhancement because they were not committed within five or 10 years of the new offense; (3) Petitioner did not knowingly waive his right to a jury trial because he was coerced by his defense counsel and was on narcotic psychotropic medication, in violation of the Sixth and Fourteenth Amendments; (4) Petitioner's trial and post-conviction relief counsel were ineffective in violation of the Sixth Amendment; and (5) the trial court did not conduct a proper admission colloquy on his prior felony conviction pursuant to Rule 17.6 of the Arizona Rules of Criminal Procedure.  (Doc. 1.)

///

1

**DISCUSSION**

2

I.      Exhaustion and Procedural Default.

3          Before a federal court may grant habeas corpus relief to a state prisoner, the prisoner

4   must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); O'Sullivan v.

5   Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991).  The

6   federal court will not entertain a petition for writ of habeas corpus unless each and every

7   issue has been exhausted.  Pliler v. Ford, 542 U.S. 225, 230 (2004); Rose v. Lundy, 455 U.S.

8   509, 521-22 (1982).  A petitioner has the burden of alleging exhaustion.  Cartwright v. Cupp,

9   650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), cert. denied, 455 U.S. 1023 (1983).  To

10  properly  exhaust  state  remedies,  the  prisoner  must  have  afforded  the  state  courts  the

11  opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting"

12  them to the state courts in a procedurally appropriate manner.  Castille v. Peoples, 489 U.S.

13  346, 349 (1989); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the

14  State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each

15  appropriate state court . . . thereby alerting the court to the federal nature of the claim").

16         A petitioner must describe both the operative facts and the federal legal theory so that

17  the state courts have a "fair opportunity" to apply controlling legal principles to the facts

18  bearing on his constitutional claim.  Id.  A state prisoner "must include reference to a specific

19  constitutional guarantee, as well as a statement of the facts which entitle the petitioner to

20  relief."   Gray v. Netherdland, 518 U.S. 152, 162-63 (1996).  General appeals to broad

21  constitutional principles, such as due process, equal protection, and the right to a fair trial,

22  are not sufficient to establish fair presentation of a federal constitutional claim.  Lyons v.

23  Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th

24  Cir. 2001).  In cases not carrying a life sentence or the death penalty, claims are exhausted

25  once the Arizona Court of Appeals has ruled on them.  Swoopes v. Sublett, 196 F.3d 1008,

26  1010 (9th Cir. 1999).

27

28

1    Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally

2  appropriate manner, his claim is procedurally defaulted. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797,

3  802-05 (1991); <u>Coleman</u>, 501 U.S. at 731-32. There are two types of procedural default.

4    First, a state court may have applied a procedural bar when the prisoner attempted to

5  raise the claim in state court. <u>Nunnemaker</u>, 501 U.S. at 802-05.  For example, a habeas

6  petitioner may be barred from raising federal claims that he failed to preserve in state court

7  by making contemporaneous objections at trial or by raising the claim on direct appeal or

8  post-conviction review. <u>Bonin v. Calderon</u>, 59 F.3d 815, 841-42 (9th Cir. 1995)(stating that

9  failure to raise contemporaneous objection at trial to an alleged violation of federal rights

10 constitutes a procedural default of that issue); <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1121 (9th Cir.

11 1991)(finding procedural default where the Arizona Court of Appeals held that petitioner had

12 waived his claims by failing to raise them on direct appeal or in his first petition for post-

13 conviction review).  If the state court found a procedural bar but also addressed the merits

14 of the underlying federal claim, the "alternative" ruling does not vitiate the independent state

15 procedural bar. <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10 (1989); <u>Carriger v. Lewis</u>, 971 F.2d

16 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of counsel claims

17 "barred under state law," but also discussed and rejected the claims on the merits, *en banc*

18 court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were

19 procedurally defaulted and barred from federal review).  A higher court's subsequent

20 summary denial of review affirms the lower court's application of a procedural bar.

21 <u>Nunnemaker</u>, 501 U.S. at 803.  In order to "constitute adequate and independent grounds

22 sufficient to support a finding of procedural default, a state rule must be clear, consistently

23 applied, and well-established at the time of the petitioner's default." <u>Wells v. Maass</u>, 28 F.3d

24 1005, 1010 (9th Cir. 1994).  Arizona courts have consistently applied their procedural default

25 rules.  <u>Stewart v. Smith</u>, 536 U.S. 856, 860 (2002)(holding that Arizona Rule of Criminal

26 Procedure 32.2(a) is an adequate and independent procedural bar); <u>Ortiz v. Stewart</u>, 149 F.3d

27 923, 931-32 (9th Cir. 1998)(rejecting the argument that Arizona courts have not "strictly or

28

1   regularly followed" Rule 32); Carriger, 971 F.2d at 333 (rejecting the assertion that Arizona

2   courts' application of procedural default rules had been "unpredictable and irregular").

3        In the second procedural default scenario, the state prisoner may not have presented

4   the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state

5   court would be "futile." Teague v. Lane, 489 U.S. 288, 297-99 (1989).  Generally, any claim

6   not previously presented to the Arizona courts is procedurally barred from federal review

7   because any attempt to return to state court to properly exhaust a current habeas claim would

8   be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th

9   Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R.

10  Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any

11  previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for

12  review must be filed within thirty days of trial court's decision).  A state post-conviction

13  action is futile where it is time barred.  Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116

14  F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as

15  a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion

16  under Rule 32.2(a)).

17       In either case of procedural default, federal review of the claim is barred absent a

18  showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v.

19  Haley, 541 U.S. 386, 393-94 (2004);  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To

20  establish cause, a petitioner must establish that some objective factor external to the defense

21  impeded his efforts to comply with the state's procedural rules.  Id.  The following objective

22  factors may constitute cause: (1) interference by state officials, (2) a showing that the factual

23  or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective

24  assistance of counsel.  Id.   To establish prejudice, a prisoner must demonstrate that the

25  alleged constitutional violation "worked to his actual and substantial disadvantage, infecting

26  his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152,

27  170 (1982).  Where petitioner fails to establish cause, the court need not reach the prejudice

28  prong.

1    To establish a "fundamental miscarriage of justice" resulting in the conviction of one

2    who is actually innocent, a state prisoner must establish that it is more likely than not that no

3    reasonable juror would have found him guilty beyond a reasonable doubt in light of new

4    evidence.  Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

5    II.    Law and Applicable Facts.

6        Grounds 1through 4 of Petitioner's habeas petition are procedurally barred because

7    he did not fairly present these claims in his PCR.  Although in his petition for review to the

8    Arizona Court of Appeals he raised similar claims, they were not raised in a procedurally

9    correct manner and are barred by the exhaustion doctrine.  Petitioner's claims were not

10   presented to every level of state court in a procedurally correct manner.  28 U.S.C.

11   §2254(b)(1)(A); see also Baldwin, 541 U.S. at 29 (petitioner must fairly present his claim "in

12   each appropriate state court").  State prisoners must give the state courts one full opportunity

13   to resolve any constitutional issues by invoking "one complete round of the State's

14   established appellate review process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002), citing

15   O'Sullivan, 526 U.S. at 845.

16       Ground 5 of Petitioner's habeas petition is also procedurally barred because Petitioner

17   did not fairly present this claim in the state court as a federal claim.  In his PCR, Petitioner

18   specifically argued that the plea colloquy conducted by the trial court was not in compliance

19   with Rule 17.6, in that Petitioner was not advised of his right under the Arizona Constitution

20   to a jury trial, or of the sentence he faced without a prior conviction, and therefore

21   Petitioner's plea was not knowing, intelligent and voluntary.  (Doc. 11, Exh. Q, at 5-7.)

22   Petitioner claimed that he was entitled to relief on the claim because the failures of the trial

23   court "resulted in a violation of the jury trial guarantees contained in Art. 2, §§ 23 and 24 of

24   the Arizona Constitution."  (Id., at 5.) Nowhere in his PCR and the Reply he filed to the

25   State's Response does he state the federal basis for his claim.  The mere "similarity between

26   a claim of state and federal error is insufficient to establish exhaustion."  Hiivala v. Wood,

27   195 F.3d 1098, 1106 (9th Cir. 1999).  "[A] petitioner must make the federal basis of the

28   claim explicit either by citing federal law or the decisions of federal courts, even if the

1   federal basis is 'self-evident' or the underlying claim would be decided under state law on

2   the same considerations that would control resolution of the claim on federal grounds." Rose

3   v. Palmateer, 395 F.3d at 1111.

4       Additionally, citations to state cases that analyze federal constitutional principles do

5   not sufficiently constitute fair presentment. Casey v. Moore, 386 F.3d 896, 912 n.13 (9th Cir.

6   2004) (a federal issue is not presented merely because a state case cited discusses federal law;

7   the citation must be accompanied by "some clear indication that the case involves federal

8   issues."). Although the case cited by Petitioner in support of his claim, State v. Morales, 215

9   Ariz. 59 (2007), discussed the interplay between a defendant's right to due process and Rule

10  17.6, Petitioner did not alert the court to these federal principles or how they were applicable

11  to his claim, but chose to emphasize the application of Rule 17.6, Ariz. R.Crim.P.  In fact,

12  the Arizona Supreme Court granted review in Morales, because it determined that the proper

13  application of the rule "presents an important question of state law."  Id., at 61.

14       Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of

15  justice to excuse his procedural default.  There is simply no basis to conclude that Petitioner

16  could not have properly raised these issues in a timely manner. Petitioner argues several

17  grounds to excuse his procedural default:  that his PCR counsel was ineffective by not

18  mailing him a copy of the original PCR until the state had filed an answer, and that PCR

19  counsel abandoned Petitioner by not filing a petition for review, and by not fairly presenting

20  the issues in the superior court as federal claims, and that Petitioner was unable to cite any

21  federal law due to the lack of law books.  (Doc. 12, at 2, 11-14.)   Petitioner has not

22  demonstrated that his procedural default is caused by interference by state officials, or that

23  the factual or legal basis for his claims was not reasonably available.

24       Recently, the Supreme Court's decision in Martinez v. Ryan, __ U.S. __, 132 S.Ct.

25  1309, 1313 (2012), held that a federal court in a habeas proceeding may find cause for a

26  procedural default of an ineffective-assistance of trial counsel claim when the claim was not

27  properly presented in state court due to ineffective assistance of PCR counsel.  The facts of

28  Martinez are distinguishable, primarily because Martinez had raised his claim of ineffective

1  assistance of PCR counsel in the state court, in a subsequent PCR proceeding.  Here,

2  Petitioner raises this claim for the first time in his habeas petition.  Although he raised the

3  issue of ineffective assistance of trial counsel on direct review, he never argued that his PCR

4  counsel was ineffective in not raising this claim in the PCR proceedings.

5  Even if <u>Martinez</u> could be interpreted to stand for the proposition that ineffective

6  assistance of PCR counsel (in not raising ineffective assistance of trial counsel claims) may

7  be raised for the first time in a habeas petition, Petitioner has not identified proper claims.

8  In his habeas petition, Petitioner claims that his PCR counsel was ineffective for "fail[ing]

9  to raise several other issues in which were of violation of [Petitioner]'s constitutional rights

10  in her petition of post-conviction relief," but does not identify these other issues.  (Doc. 1,

11  at 13.)  He also claims, generally, that his PCR counsel abandoned him and withdrew the

12  second argument in his PCR petition "due to ineffectiveness."  (<u>Id.</u>)

13  Petitioner does not claim in his habeas petition that PCR counsel was ineffective in

14  not raising his claims of ineffective assistance of trial counsel.  In his Reply, however, he

15  comes  marginally closer to doing so.  He argues more specifically that, "Respondents claim

16  that ground 1 through 5 should be barred because the claims where not fairly presented to the

17  superior court as a federal claim, this in fact shows that the (PCR) counsel was ineffective

18  for not properly doing so."  (Doc. 12, at 12.)

19  Even if Petitioner has properly raised an ineffective assistance of PCR counsel claim,

20  the type that the Supreme Court in <u>Martinez</u> has held can constitute cause for procedural

21  default, he has not demonstrated that his PCR counsel was "ineffective" under <u>Strickland v.</u>

22  <u>Washington</u>, 466 U.S. 668 (1984), or that his current ineffective assistance of counsel claims

23  are "substantial."  <u>Martinez</u>, 132 S.Ct. at 1319.  <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446,

24  451-54 (2000).  For instance:

25  1.  Petitioner claims that he was denied effective assistance at the plea bargaining

26  stage because his counsel coerced him into pleading guilty without a plea agreement and that

27  Petitioner was uninformed and ill prepared to enter his guilty plea.  (Doc. 1, at 6-7, 10.) This

28  claim is belied by the record of the change of plea proceedings, during which Petitioner was

1   clearly aware that he was pleading guilty without the benefit of a plea agreement, after
2   having previously rejected the State's prior plea offer. (Doc. 11, Exhs. D, H.)  He was also
3   informed of the consequences of his decision and the range of sentence he faced.  (Id.)
4   Petitioner affirmatively reassured the court that he had not been coerced into pleading guilty.
5   (Id., Exh. H, at 7.) Furthermore, he does not present any evidence, other than his bare
6   assertion, that he was coerced into his guilty plea.

7           2.  Petitioner claims that his trial counsel failed to investigate any of the witnesses, or
8   present medical records that would impeach the claims of one of the victims, but fails to
9   provide any specifics, or any evidence of these claims.  Petitioner claims that his trial counsel
10  coerced him into pleading guilty while he was on psychotropic drugs, but fails to produce
11  any evidence of this claim.  Petitioner claims that his trial counsel failed to argue during a
12  prior hearing that the state could not properly allege his prior convictions because they were
13  too old.  Petitioner's claim here fails because, pursuant to A.R.S. §13-105, as amended, no
14  time limit is imposed on allegations of a prior offense involving "the intentional or knowing
15  infliction of serious physical injury," and/or "the use or exhibition of a deadly weapon or
16  dangerous instrument."  A.R.S.§ 13-105 (22)(a)(ii).  Petitioner's admitted prior was for a
17  dangerous offense.  (Doc. 11, Exh. H, at 4, 9.)

18          Petitioner has not demonstrated that his PCR counsel was ineffective, and therefore
19  has not established cause for his procedural default, and, as he has also not established a
20  fundamental miscarriage of justice, this Court will recommend that his habeas petition be
21  denied.

22          **IT IS THEREFORE RECOMMENDED:**

23          That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc.V1)
24  be **DENIED** and **DISMISSED WITH PREJUDICE**;

25          **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
26  to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a
27  substantial showing of the denial of a constitutional right.

28

1        This recommendation is not an order that is immediately appealable to the Ninth

2   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

4   parties shall have fourteen days from the date of service of a copy of this recommendation

5   within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

6   Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have fourteen days within which to

7   file a response to the objections.  Failure to timely file objections to the Magistrate Judge's

8   Report and Recommendation may result in the acceptance of the Report and

9   Recommendation by the district court without further review.  See United States v. Reyna-

10  Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual

11  determinations of the Magistrate Judge will be considered a waiver of a party's right to

12  appellate review of the findings of fact in an order of judgment entered pursuant to the

13  Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

14       DATED this 20th day of June, 2012.

15

16                   _Michelle H. Burns_

17                      Michelle H. Burns
                    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28